COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-024-CV

 

 

ROY PAUL PLATTEL                                                            APPELLANT

 

                                                   V.

 

ELIZABETH KAMINSKY                                                           APPELLEE

 

                                              ------------

 

            FROM THE 48TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Roy Paul Plattel
is attempting to appeal from the trial court=s
default judgment.  The trial court signed
the judgment on October 2, 2007, and appellant timely filed a motion for new
trial on November 1, 2007.  Therefore,
appellant=s notice of appeal was due
December 31, 2007, see Tex. R.
App. P. 26.1(a)(1), but was not filed until January 22, 2008.








On February 1, 2008, we notified appellant of our
concern that the court may not have jurisdiction over the case because the
notice of appeal was not timely filed. 
We informed appellant that the appeal was subject to dismissal for want
of jurisdiction unless he or any party desiring to continue the appeal filed a
response showing grounds for continuing the appeal.  Appellant responded by directing us to his AMotion
to File Appeal Out of Time@ that he
filed on January 22, 2008, the same day that he filed his notice of
appeal.  

We may not suspend the rules of appellate
procedure to alter the time for perfecting an appeal in a civil case.  See Tex.
R. App. P. 2.  We may extend the
time to file a notice of appeal, however, if a party files its notice of appeal
within fifteen days after the deadline and files a motion that reasonably
explains the need for an extension.  See
Tex. R. App. P.
10.5(b)(1)(C), 26.3.  Once this fifteen‑day
period has passed, a party can no longer invoke the appellate court=s
jurisdiction.  See Verburgt v. Dorner,
959 S.W.2d 615, 617 (Tex. 1997). Accordingly, appellant was required to file
his notice of appeal by January 15, 2008, to timely imply a request for an
extension. He did not file his notice of appeal until January 22, 2008.








The times for filing a notice of appeal are
jurisdictional in this court, and absent a timely filed notice of appeal or
extension request, we must dismiss the appeal. 
See Tex. R. App. P.
2, 25.1(b); Verburgt, 959 S.W.2d at 617. 
Accordingly, we deny appellant=s motion
and dismiss the appeal for want of jurisdiction.  See Tex. R. App. P. 42.3(a), 43.2(f).

 

PER
CURIAM

 

PANEL D:   MCCOY,
J.; CAYCE, C.J.; and LIVINGSTON, J.

 

DELIVERED:  March 6, 2008











[1]See Tex. R. App. P. 47.4.